NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELINE D. COLEY,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY J. GOLLES-ORDONEZ, IVELIS PEREZ-VELEZ, SAMANTHA M. WESTERN and SERGE J.M. MOREAU, JR.,<br><br>Defendants. | Civil Action No. 2:15-cv-02055 (ES) (JAD)<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO DISMISS FOR LACK OF DIVERSITY JURISDICTION |

### JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Defendant Serge Moreau, Jr.'s ("Moreau") motion for an extension of time to answer, move and/or otherwise respond to the Complaint and to dismiss the Complaint for lack of diversity jurisdiction.[1] (ECF No. 16). The Hon. Esther Salas, U.S.D.J., referred Moreau's motion to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Defendant's application. Upon consideration of the parties' submissions, and for the reasons stated below, this Court recommends that Moreau's motion to dismiss be **GRANTED**.

---

[1] The Court notes that Moreau's motion is, in effect, a motion to dismiss for lack of federal subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### I.  BACKGROUND AND PROCEDURAL HISTORY

This action involves a multi-vehicle collision that occurred on December 9, 2012 on Interstate 280 in Totowa, New Jersey. (Compl., ECF No. 1, ¶ 24). Plaintiff Micheline D. Coley ("Coley") brought this action against Moreau, Defendant Anthony J. Golles-Ordonez ("Golles-Ordonez"), Defendant Ivelis Perez-Velez ("Perez-Velez"), and Defendant Samantha M. Western ("Western") seeking damages in connection with her alleged injuries and economic loss. (Id., ¶¶ 16-20, 41). Plaintiff Coley and Defendant Moreau are residents of New York while all other Defendants are residents of New Jersey. (Id., ¶¶ 1-5). Coley alleges that, at the time of the accident, she was a passenger in her own vehicle, which Defendant Moreau was driving. (Id., ¶ 16). Golles-Ordonez drove a vehicle owned by Perez-Velez, which collided with Western's vehicle. (Id., ¶ 24). As a result, Golles-Ordonez and Moreau's vehicles collided. (Id. ¶ 24). Coley asserts that each of the Defendants in this matter contributed to her injuries by virtue of their negligent conduct. (Id. ¶¶ 25-38).

Coley brought this action on December 5, 2014 in the United States District Court for the Eastern District of New York. (Id.). On March 18, 2015, Coley requested, with the consent of all of the Defendants, that the matter be transferred to the United States District Court for the District of New Jersey. (ECF No. 9). The United States District Court for the Eastern District of New York transferred the matter to this District on March 20, 2015, at which point the case was assigned to the Hon. Esther Salas, U.S.D.J. and the undersigned. On July 8, 2015, Moreau filed a Motion for Extension of Time to Answer, Move and/or Otherwise Respond to the Complaint and to Dismiss the Complaint for Lack of Diversity Jurisdiction. (ECF No. 16). At its heart, Moreau's Motion is an application to dismiss this matter for lack of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). On July 23, 2015, Defendant Western joined

in Defendant Moreau's Motion to Dismiss. (ECF No. 18). Though Plaintiff was required to file any opposition to Defendant Moreau's Motion on or before July 20, 2015, she has not filed any response to date. Though Defendant Moreau's Motion therefore stands unopposed, the Court will nevertheless independently determine whether the District Court may exercise subject matter jurisdiction over Plaintiff's claims.

## II.     LEGAL STANDARD – DIVERSITY JURISDICTION

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute . . . ." See, e.g., Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). There is a presumption that each case lies outside of a federal court's limited jurisdiction, and the burden of establishing jurisdiction lies with the party asserting jurisdiction. Id. In fact, the concept of a federal court's limited jurisdiction is so crucial to federal practice that federal courts have a responsibility to address the issue of subject matter jurisdiction sua sponte when it appears to be in question. See, e.g., Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir. 2002). Federal subject matter jurisdiction comes in two forms: (1) federal question jurisdiction and (2) diversity jurisdiction, Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 592-93 (2005), the limits of which are set forth in the "discrete requirements" of 28 U.S.C.A. §§ 1331 and 1332. Id. Here, Plaintiff Coley has relied solely on diversity jurisdiction as the basis for federal subject matter jurisdiction. (Compl., ECF No. 1, ¶ 22).

28 U.S.C. § 1332, which governs diversity jurisdiction, states, in relevant part, that federal district courts have original jurisdiction where the amount in controversy exceeds $75,000 and the dispute is between "citizens of different States." 28 U.S.C.A. § 1332 (2012). This requires "complete diversity of citizenship," and is not available when any plaintiff is a citizen of the same state as any defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 366 (1978). Courts

determine whether complete diversity exists by examining the citizenship of all of the parties at the time the complaint was filed. Midlantic Nat. Bank v. Hansen, 48 F. 3d 693, 696 (3d Cir. 1995).

### III.  ANALYSIS

Moreau moves to dismiss the case claiming that the United States District Court for the District of New Jersey cannot exercise original subject matter jurisdiction over Plaintiff's claims on diversity grounds. (Def. Br., ECF No. 16-1, at 3-4). Moreau argues that because both he and Plaintiff Coley are citizens of the State of New York, the "complete diversity" required under 28 U.S.C. § 1332 does not exist in this case. (Id. at 4). This Court agrees. According to the Complaint, Coley is a New York resident, residing at 45 Dover Street, Massapequa, New York 11758. (Compl., ECF No. 1, ¶ 1). Moreau is also a resident of New York, residing at 370 Legion Street, Apt. 1R, Brooklyn, New York 11212.[2] (Id. ¶ 5). As both Plaintiff Coley and Defendant Moreau are residents of the state, the Court finds that subject matter jurisdiction would be inappropriate under 28 U.S.C. § 1332.

Coley has never asserted that it would be appropriate for the District Court to exercise "federal question" subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. (See generally Compl., ECF No. 1). The Court will nevertheless examine that potential basis for subject matter jurisdiction independently. As Coley asserts only negligence claims arising solely under state law, (Compl., ECF No. 1, ¶¶ 35-38), and none of her claims arguably arise under the "Constitution, laws, or treaties of the United States", 28 U.S.C. § 1331, the Court finds that nothing in Plaintiff's Complaint provides a colorable basis for federal question subject matter jurisdiction.

---

[2] The Court notes that in Moreau's Motion, his address is listed as "4040 79th Street, Apartment 404, Elmhurst, New York." (ECF No. 7, at 4). Because the Court must consider the parties' citizenship at the time of the complaint, the Court refers to the address listed for Moreau on the Complaint. In any case, the distinction is irrelevant, as both potential addresses for Defendant Moreau are located in New York.

Having determined that the District Court lacks subject matter jurisdiction over this matter, the Court must next determine a proper course of action. As Plaintiff filed this case directly in federal court, rather than removing it from state court, the District Court's only recourse is to dismiss the case outright. See, e.g., In re Orthopedic "Bone Screw" Prod. Liab. Litig., 132 F. 3d 152, 155 (3d Cir. 1997) (stating that "[i]f a case, over which the court lacks subject matter jurisdiction, was originally filed in federal court, it must be dismissed. If it was removed from state court, it must be remanded.").

## IV.  CONCLUSION

Based on the foregoing, this Court respectfully recommends that the District Court **GRANT** Defendant Moreau's Motion, (ECF No. 16), and that the District Court dismiss Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of federal subject matter jurisdiction.

_____ 8\10\15
Joseph A. Dickson, U.S.M.J.

cc. Honorable Esther Salas, U.S.D.J.